Chicago Express, Inc., Appellant, *v.* Robson.

Argued September 28, 1961. Before BELL, C. J., MUSMANNO, JONES, COHEN, EAGEN and ALPERN, JJ.

*Alexander Ogle,* for appellant.

*Nathaniel A. Barbera,* with him *Clarence L. Shaver,* and *Shaver and Barbera,* for appellee.

OPINION BY MR. JUSTICE MUSMANNO, November 14, 1961:

On January 1, 1959, Phillip Romeo was operating, in a westwardly direction on the Pensylvania Turnpike, a tractor-trailer rig belonging to the plaintiff in this case, the Chicago Express Company. As he emerged from the Allegheny Tunnel on the Turnpike he saw ahead of him a pickup truck (1956 GMC) laden with household goods and furniture piled to such a height that they covered the rear window of the cab of the truck.

At a point about two or three miles west of the tunnel, Romeo, now traveling at a speed of from 30 to 35 miles per hour, endeavored to pass the GMC truck by moving over to the extreme left of the two-lane westbound highway. He had negotiated this precise maneuver and his vehicle was entirely in the left or passing lane when the GMC truck, without warning, swerved over to the left, struck the right front of the tractor, drove it to the center line, crushing the entire vehicle against the steel barrier in the medial strip which separates the westbound lanes from the eastbound lanes, and damaging the tractor-trailer and its

cargo to such an extent that the monetary loss was estimated to be $22,961.69.

The Chicago Express Company brought an action in trespass against John Taylor Robson but it was nonsuited by the trial court. No opinion has been filed by the trial judge in explanation of the nonsuit, but in granting the defendant's motion which resulted in the court's action, the court orally said: "We said in our official ruling that so far as the plaintiff, The Chicago Express, Inc. is concerned, there cannot be any recovery here because of what we call in the law contributory negligence against this defendant, and therefore we will take as a matter of law The Chicago Express, Inc. out of the case . . ."

The record is barren of evidence which would justify a conclusion that the plaintiff was guilty of contributory negligence as a matter of law. It is true that the highway at the point of the accident was icy but it was not so glacially coated as to make safe driving prohibitory. Nor can it be said, irrefragably, that the speed of the plaintiff's vehicle was excessive in the circumstances.

Romeo testified that he noted that the rear end of the defendant's truck was "fish-tailing" as it moved along. It would appear that this "fish-tailing" confused the court below. The record, however, reveals nothing complicated, mysterious or exotic about "fish-tailing." The phrase was used by the plaintiff to describe a swaying movement such as that which might presumably be ascribed to a fish pursuing its aqueous way within the depths of an ocean, river, lake or creek. But the fish-tailing of the defendant's truck was not the kind which might accompany the movements of a large fish (a whale or a porpoise perhaps) whose posterior appendage, in rapid pursuit or flight, could conceivably cover a wide arc, because, at no time, according to the testimony, did the rear of the GMC truck

impede passage of cars in the left lane of the westbound highway. It would appear, therefore, that the fishtailing was strictly contained within the anatomical lines of the GMC truck and, so far as interfering with passing traffic was concerned, it amounted to no more than vibrations of a restricted latitudinous scope.

No inference, therefore, can be drawn, that Romeo was warned he should not continue to move on to his destination regardless of the high-laden aquatic-waddling vehicle ahead.

Under all these circumstances it is difficult to understand, especially since no explanatory opinion was filed in the court below, on what basis the trial judge concluded the plaintiff was guilty of contributory negligence to the point that he entered a nonsuit.

In *Shuman v. Nolfi,* 399 Pa. 211, 213, this Court said: "It is axiomatic that the question of contributory negligence should not be taken from the jury's consideration except in a clear case and only when reasonable minds would not legitimately differ as to the conclusion of its existence: Aaron v. Strausser, 360 Pa. 82, 59 A. 2d 910 (1948)."

This was not that kind of a clear case.

Judgment reversed with a procedendo.